IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: COTTON YARN ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | )<br>)<br>) CIVIL ACTION NO. 1:04MD1622<br>)<br>)<br>) |

ORDER

BEATY, District Judge.

On November 25, 2005, Defendant Frontier Spinning Mills, Inc. ("Frontier") filed a Motion for Reconsideration [Document #45] of this Court's November 9, 2005 Order [Document #43] that denied Defendants' Motion to Dismiss and Compel Arbitration.[1] The Court has reviewed this Motion for Reconsideration, in which Frontier argues that the Court erred in drawing an inaccurate factual inference from the record before the Court. More specifically, Frontier attempts to refute the Court's finding that Frontier did not establish a "well-established custom of sending purchase order confirmations containing an arbitration clause" (Mem. Op., November 9, 2005, at 20, n.12.) because although Frontier often sends separate invoices for every cotton yarn purchase, and those invoices do not mention arbitration, they are "subject to a contract containing an arbitration clause, which is referenced in the form of the order number on the invoice." (Frontier's Mot. Recons., at 5.) Frontier argues that because its invoices referenced by "order number" an unsigned contract that contains an

---

[1] The Motion to Dismiss and Compel Arbitration was filed by Defendants Frontier Spinning Mills, LLC, Frontier Spinning Mills, Inc., and Frontier, Inc., and Defendants Avondale Mills, Inc. and Avondale, Inc.

arbitration clause, the Fourth Circuit Court of Appeal's holding in Stedor Enterprises, Ltd. v. Armtex, Inc., 947 F.2d 727 (4th Cir. 1991) controls, and accordingly, the Court should require Plaintiffs to arbitrate their claims.

However, the Court finds, as it did previously, that Stedor does not apply to this case, even after Frontier's new representations, for three reasons. First, as the Court noted in the Memorandum Opinion, the Fourth Circuit Court of Appeals applied South Carolina law and not North Carolina law in Stedor. Second, the Fourth Circuit did not consider the effect of Uniform Commercial Code § 2-207 in Stedor, under which, in North Carolina, the addition of an arbitration clause to a verbal agreement is a material change in the contract. See Frances Hosiery Mills, Inc. v. Burlington Industries, Inc., 285 N.C. 344, 204 S.E.2d 834 (1974).

Third, the Fourth Circuit stated in Stedor: "Where, as here, a manufacturer has a well established custom of sending purchase order confirmations containing an arbitration clause, a buyer who has made numerous purchases over a period of time, receiving in each instance a standard confirmation form which it either signed and returned or retained without objection, is bound by the arbitration provision." Stedor, 947 F.2d at 733 (citation omitted)). The Court finds that the fact that Frontier's invoices referenced another document that contained an arbitration clause does not meet the factual predicate of Stedor. Id. at 728-29 ("Armtex sent Stedor prior to *each* shipment a written sales contract that confirmed Armtex's order and the sale. Each contract presented the details of the order on the face of the form. . . . On the back of *each* form is a detailed arbitration clause . . . .") (emphasis added). The Court finds that Frontier

2

Case 1:04-md-01622-JAB   Document 48   Filed 12/01/05   Page 2 of 4

admits that prior to *each* shipment of cotton yarn it did not send a contract or invoice that *explicitly* contained an arbitration clause.[2] (Frontier's Mot. Recons., Ex. 1, Decl. Barbara F. Walton) ("In addition to and separate from contracts, Frontier also sends its customers invoices for the yarn they purchase. One invoice relates to each shipment of yarn. Although the invoices do not contain arbitration clauses, they reference the contract to which they relate. . . . [T]here could be numerous orders and shipments of yarn under, and thus numerous invoices related to, a single contract.")

Thus, as the Court previously found, <u>Stedor</u> does not apply to this case based upon the facts alone. The Court did not infer, as Frontier argues, that invoices without arbitration clauses were sent to customers with no previous relationship with Defendant. Rather, the Court correctly inferred that Frontier often sent invoices in response to oral purchase agreements that did not contain arbitration clauses instead of always sending contracts (or invoices) that did have

---

[2] However, the Court agrees that the Court's earlier statement in a footnote that a "majority of confirmations between the parties appear not to have included arbitration clauses as a term," (Mem. Op., November 9, 2005, at 20, n.12.), may have drawn an incorrect conclusion based upon evidence submitted by Plaintiffs. Specifically, Plaintiffs' evidence included a chart which stated that Frontier's relationship with Plaintiff Atlantic Textiles included 18 invoices and 13 contracts with arbitration clauses. This was mistakenly read to mean that these documents represented 31 separate purchases by Plaintiff Atlantic Textiles. Defendant Frontier chose not to specifically challenge Plaintiffs' evidence, nor attempt to explain these numbers. Defendant Frontier, however, has now submitted information not previously before the Court, including those specific invoices and contracts Plaintiffs' referenced. It appears to the Court that a majority of the invoices have the same date as the contracts with arbitration clauses, so the inference is at least these invoices of the same date were accompanied by contracts with arbitration clauses. However, those documents also show that Frontier did not always send a document containing an arbitration provision along with its shipment of cotton yarn.

3

arbitration clauses.

Moreover, were the Court to reach an opposite conclusion and find that Stedor does apply to this case, it would still not change the ultimate result found by the Court in its Memorandum Opinion, that Plaintiffs need not arbitrate their claims against Defendants because the arbitration clauses at issue are unenforceable as preventing Plaintiffs from effectively vindicating their statutory rights.

Accordingly, the Court finds that the November 9, 2005 Memorandum Opinion and Order will stand as issued. As such, Defendant Frontier's Motion for Reconsideration [Document #45] is DENIED.

This, the 1st day of December, 2005.

_____
United States District Judge