IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: COTTON YARN ANTITRUST  )
LITIGATION                     )
                               ) CIVIL ACTION NO. 1:04MD1622
THIS DOCUMENT RELATES TO: ALL  )
ACTIONS                        )
                               )

MEMORANDUM OPINION

BEATY, District Judge.

This Matter is now before the Court on a Motion to Stay [Document #57] filed by Defendants Frontier Spinning Mills, Inc. ("Frontier"), Avondale Incorporated, and Avondale Mills, Inc. ("Avondale") (collectively, "Defendants"). Defendants filed this Motion in response to this Court's November 9, 2005 Order, in which the Court denied Defendants' efforts to seek arbitration of Plaintiffs' Sherman Act claims. In so doing, the Court denied Defendants' Motion to Dismiss the Complaint as to Certain Plaintiffs, and To Stay the Complaint as to the Remaining Plaintiffs. Defendants have appealed this Order to the Fourth Circuit Court of Appeals, based upon 9 U.S.C. § 16(a), which gives a party the right to an immediate appeal of a denial of demand for arbitration. Defendants now argue that because of their appeal, this Court either lacks jurisdiction of the case at hand, and so a stay is mandatory, or that judicial economy and prudence support a stay as to all Plaintiffs. In response, Plaintiffs argue that no stay is automatically required, and in any case, those two Plaintiffs for whom Defendants do not have any possible arbitration agreement would be unduly delayed by waiting on the resolution of the arbitration question by the appellate court. For reasons stated herein, this Court will grant

Defendants' Motion to Stay as to all Plaintiffs.

I.  MOTION TO STAY

As previously stated, on November 9, 2005, this Court denied Defendants' motion to compel arbitration as to all Plaintiffs, and, accordingly, also denied Defendants' motion to stay the claims of two Plaintiffs, Mekfir International, Inc. ("Mekfir") and Ronald Little ("Little"). In the Court's Order, the Court divided Plaintiffs into three categories: (1) those who had purchased cotton yarn from Defendant Frontier and who had not signed and returned to Frontier a contract containing an arbitration clause; (2) those who had purchased cotton yarn from Defendant Avondale *and* those who had purchased cotton yarn from Defendant Frontier but had signed and returned a contract to Frontier containing an arbitration clause; and (3), those who had not received any contracts from Defendants containing an arbitration clause. The Court ordered that none of these Plaintiffs would be required to arbitrate, but for different reasons. The first group (Frontier purchasers who did not sign a contract) were not required to arbitrate under North Carolina contract law. The second group (Avondale purchasers and Frontier contract signers) were not required to arbitrate because the arbitration clauses at issue were unenforceable in the context of a Sherman Act conspiracy claim. The third and final group, consisting of only two Plaintiffs, Mekfir and Little, were not required to arbitrate because they had never agreed to arbitrate. Accordingly, the Court denied Defendants' Motion to require the bulk of the Plaintiffs to arbitrate, and also denied Defendants' Motion to Stay as applied to Mekfir and Little, because such a stay would be unnecessary as there would be no arbitration.

In response to this Order, Defendants Frontier and Avondale filed interlocutory appeals to the Fourth Circuit Court of Appeals, based upon 9 U.S.C. § 16(a). This section provides that a party may immediately appeal an order denying arbitration or an order refusing to stay a matter during arbitration. 9 U.S.C. § 16(a). Subsequently, Defendants filed this Motion to Stay, and argue that this Court is now divested of jurisdiction because Defendants filed their appeal. Alternatively, Defendants argue that judicial prudence warrants a stay as to all Plaintiffs, including Mekfir and Little.

Defendants admit that the various circuit courts of appeals that have addressed this issue, that is, whether a district court must stay all proceedings pending an interlocutory appeal concerning a district court's denial of a motion to compel arbitration, have split in answering this question, and that the Fourth Circuit Court of Appeals has not taken a position. However, Defendants urge the Court to adopt the position favored by the Seventh, Tenth, and Eleventh Circuit Courts, in which jurisdiction is divested. See McCauley v. Halliburton Energy Servs., 413 F.3d 1158, 1160-62 (10th Cir. 2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004); Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 506 (7th Cir. 1997). In contrast, Defendants urge the Court to reject the position favored by the Second and Ninth Circuit Courts, in which jurisdiction is not divested and a court *may* stay an action pending appeal of a denial to compel arbitration, but need not do so. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 54 (2d Cir. 2004); Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). Defendants note that the Fourth Circuit Court of Appeals has specifically

3

reserved the question without answering it. See In re White Mt. Mining Co., L.L.C., 403 F.3d 164, 171 (4th Cir. 2005) (Stating that the court "has not decided whether a stay of the entire action is required pending appeal of an order denying a motion to compel arbitration or whether the filing of an interlocutory appeal divests the trial court of jurisdiction."). Defendants ask that this Court adopt such a rule as that applied in the Seventh, Tenth, and Eleventh Courts of Appeals.

However, the Court finds that several district courts within the Fourth Circuit have already addressed this issue, and appear to follow the path laid down by the Second and Ninth Circuits. See Hill v. Peoplesoft USA, Inc., 341 F. Supp. 2d 559 (D. Md. 2004); In re Startec Global Communs. Corp., 303 B.R. 605 (D. Md. 2004). In both cases, the courts did not find that a stay was mandatory, but went on to consider whether a stay was warranted based upon jurisprudential concerns. For example, in Hill, the district court refused to issue an automatic stay of all proceedings, but bowing to jurisprudential concerns, also refused to allow the litigation to reach the stage of trial prior to the resolution of the appeal of the arbitration decision. Id. at 559. However, in Hill, the court did permit discovery to move forward during the time of the appeal, as well as allowing the parties to amend their pleadings. Id. at 561. Similarly, in In re Startec, a bankruptcy proceeding, the court concluded that a stay was not automatic and that a court should examine jurisprudential concerns to determine if a stay is appropriate. In re Startec, 303 B.R. at 609. In that case, the court found that jurisprudential concerns warranted a stay of all proceedings. Id. Thus, while the Fourth Circuit Court of Appeals has yet to opine on this

4

matter, this Court finds that a stay would not be automatic in that "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." Britton, 916 F.2d at 1412.

However, Defendants have advanced an alternative argument. Defendants urge this Court to stay the case based upon jurisprudential concerns. More specifically, Defendants argue that their appeal is non-frivolous, and absent a stay, Defendants' rights to an appeal would be undermined. Moreover, refusing a stay would "open the door for inconsistent results by the two courts." (Defs. Reply Supp. Mot. Stay All Proceedings, at 1.) For example, Defendants posit that if this Court's ruling on the arbitration question were to be overturned on appeal, any proceedings in the interim would be a waste of judicial resources. On this basis, the Court agrees, and finds that Defendants have filed a non-frivolous appeal, particularly because the question addressed by the Court in its November 9, 2005 Order was indeed a novel one.[1] Accordingly, the Court will, at the outset, grant Defendants' Motion to Stay as applied to those Plaintiffs who received a contract containing an arbitration clause from Defendants, that is, all the Plaintiffs except for Mekfir and Little, who did not receive a contract containing an arbitration clause.

---

[1] The question the Court addressed was whether Plaintiffs should be required to arbitrate a Sherman Act conspiracy claim when provisions of the Defendants' arbitration agreements denied Plaintiffs the ability to join parties in arbitration and shortened the statute of limitations, thereby potentially denying Plaintiffs their statutory rights. As previously stated, the Court concluded that arbitration would not be required under such contract language that impermissibly denied Plaintiffs their statutory rights.

As for Mekfir and Little, Plaintiffs argue that these two Plaintiffs should be allowed to proceed, as a class, because they did not have arbitration agreements with Defendants. Plaintiffs argue that were this Court to grant a stay of the claims of Mekfir and Little, that further delay would increase the risk of "lost documents and failed memories." (Pls. Mem. Law Opp'n Defs. Mot. Stay All Proceedings, at 5.) However, the Court finds that a stay of Mekfir and Little's claims is also warranted, based upon jurisprudential concerns. Plaintiffs Mekfir and Little seek to move forward with this litigation, and to pursue a class action based upon their claims. Mekfir and Little are both parties for whom Defendants have not discovered any contracts reflecting any cotton yarn purchases from Defendants during the class period. Such a "class" of Plaintiffs would likely be many times smaller than a group of Plaintiffs consisting of all purchasers of cotton yarn. Were this Court to allow the claims of Mekfir and Little to proceed at this junction, the parties would likely have to pursue class discovery, brief the class certification, and argue class certification motions twice, thereby unnecessarily wasting judicial and party resources. The Court finds that, with a proper document retention policy in place, Plaintiffs' concerns about document destruction are without merit. Accordingly, the Court will also grant Defendants' Motion to Stay as applied to Plaintiffs Mekfir and Little, whose claims are closely related to claims that are now on appeal as to this Court's arbitration decision. See Bischoff v. DirecTV, Inc., 180 F. Supp. 2d 1097, 1115-16 (C.D. Cal. 2002) (granting a stay even of claims of plaintiffs that were non-arbitrable pending an arbitration that concerned similar issues of law and fact); cf. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 n.23, 103 S. Ct. 927,

6

939 n.23 (1983) ("In some cases . . . it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket.").

II. CONCLUSION

Therefore, Defendants' Motion to Stay [Document #57] as to all Plaintiffs pending the determination of the Fourth Circuit Court of Appeals' decision as to this Court's November 9, 2005 Order is granted.[2] Defendants are reminded that they must properly retain in the interim all documents, including, but not limited to, e-mails, paper contracts, and all documents previously provided to the U.S. Department of Justice for an investigation into these allegations of price-fixing in the cotton yarn industry.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 31st day of January, 2006.

_____
United States District Judge

---

[2] The Court also notes that the parties agree that this Motion to Stay does not, and will not, apply to the approval process of the proposed settlement between Plaintiffs and former Defendants Parkdale Mills, Inc. and Parkdale America, LLC, which is set for hearing on February 14, 2006.