IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: COTTON YARN ANTITRUST )
LITIGATION )
) CIVIL ACTION NO. 1:04MD1622
THIS DOCUMENT RELATES TO: ALL )
ACTIONS )
)

MEMORANDUM OPINION

BEATY, Chief District Judge.

## I. INTRODUCTION

This multidistrict litigation is before the Court upon a Judgment from the United States Court of Appeals for the Fourth Circuit [Document #99] remanding this case and vacating the Court's prior Order Denying Defendants' Motion to Dismiss and Compel Arbitration as to Certain Plaintiffs and to Stay the Case as to the Remaining Plaintiffs.[1] At the outset, the Court notes that Defendants Frontier Spinning Mills, LLC, Frontier Spinning Mills, Inc., and Frontier, Inc. (collectively "Frontier") and Defendants Avondale Mills, Inc. and Avondale, Inc. (collectively "Avondale") (collectively "Defendants") previously appealed the Court's Order denying Defendants' Motion contending, inter alia, that the Plaintiffs named in Defendants' Motion were bound by arbitration agreements in the contracts to purchase cotton yarn between

---

[1] Defendants' Motion [Document #43], sought to compel arbitration of claims by seven of the named Plaintiffs: Atlantic Textiles, South Carolina Tees, Inc., Lisa Lesavoy, Armen Co., Inc., Dell Cartier Associates, Inc., Perfect Fit Glove Co., LLC, and Thomaston Mills, Inc. based on arbitration agreements in sales contracts to purchase cotton yarn from Avondale and/or Frontier. Additionally, Defendants sought a stay as to Plaintiffs Mekfir International Corp. and Ronald Little because neither plaintiff purchased cotton yarn from Avondale or Frontier, thus, neither entered into sales contracts with Avondale or Frontier to purchase cotton yarn that contained binding and enforceable arbitration agreements.

Defendants and Plaintiffs. In its decision, the Fourth Circuit concluded that all contracts at issue in the appeal between the Plaintiffs named in Defendants' Motion and Frontier and/or Avondale indeed contain binding arbitration agreements. However, the Fourth Circuit remanded the case to this Court for further proceedings to determine the enforceability of the arbitration agreements contained in the contracts to purchase cotton yarn between the Plaintiffs named in Defendants' Motion and Defendants. Specifically, the Fourth Circuit left it for this Court to determine whether the contractual one-year limitations period set forth in the arbitration agreements at issue in this case indeed time-bar and therefore prevent the Plaintiffs named in Defendants' Motion from proceeding with their antitrust claims in arbitration.

In light of the Fourth Circuit's decision, the Court issued an Order setting a Status Conference for October 14, 2008, with respect to the issues identified by the Fourth Circuit for remand, and invited the parties to file briefs setting out the status of the litigation specifically addressing the issues remaining before the Court as a result of the Fourth Circuit's decision. In their briefs, the parties discussed the timeliness issue as identified by the Fourth Circuit decision, and in addition, the parties raised the new issue of whether Plaintiffs Mekfir International Corporation ("Mekfir") and Ronald Little ("Little") should be permitted to proceed with litigation against Avondale and Frontier in court or whether Mekfir and Little, like the other named Plaintiffs, must submit their claims to arbitration. Due to a conflict in the parties' schedules, the Court ordered that the Status Conference be reset for November 13, 2008 and further directed the parties to file Response Briefs addressing the newly raised issue of whether Mekfir and Little should be permitted to litigate their claims against Avondale and Frontier in

court, or be compelled to arbitrate their claims. In addition to the Response Briefs filed by both parties, Defendants filed a Motion to Compel Arbitration of Claims by Mekfir and Little [Document #108] to which all named Plaintiffs, that is, Atlantic Textiles, South Carolina Tees, Inc., Lisa Lesavoy, Armen Co., Inc., Dell Cartier Associates, Inc., Perfect Fit Glove Co., LLC, and Thomaston Mills, Inc., and Mekfir and Little (collectively "Plaintiffs") filed a Response in Opposition [Document #110]. The Court has now reviewed all briefs submitted by the parties and has heard oral arguments by the parties at the Status Conference regarding the issues identified by the Fourth Circuit for remand as well as Defendants' Motion to Compel Arbitration of Claims by Mekfir and Little. These issues are now ripe for consideration by the Court.

## II. FACTUAL BACKGROUND

As set out in their Consolidated and Amended Class Action Complaint ("Complaint"), Plaintiffs allege that during the class period, approximately January 1, 1999, to Feburary 11, 2004, Defendants entered into contracts and conspiracies among themselves to fix, maintain, or stabilize prices for cotton yarn sold in the United States, in violation of Section 1 of the Sherman Act (15 U.S.C. § 1). Moreover, Plaintiffs seek treble damages and injunctive relief for the alleged antitrust violations based on their purchases of cotton yarn at alleged artificially inflated prices from Defendants. In response to the Complaint, Defendants filed a motion to dismiss and compel arbitration arguing that based on their sales contracts with certain Plaintiffs to purchase cotton yarn, those Plaintiffs agreed to arbitrate their Sherman Act claims with the Defendants when they agreed to purchase cotton yarn. Specifically, Defendants assert that certain Plaintiffs

3

were bound by arbitration agreements in their contracts to purchase cotton yarn that were broad enough to encompass the antitrust claims. In an Order resolving Defendants' Motion, this Court concluded that some of the contracts at issue did not include arbitration agreements. The Court further concluded that as to those contracts that did include binding arbitration agreements, those agreements could not be enforced because they prevented Plaintiffs from effectively vindicating their statutory antitrust claims. Therefore, this Court concluded that none of the seven Plaintiffs named in Defendants' Motion would be required to submit their antitrust claims to arbitration.

However, in a decision issued pursuant to Defendants' appeal of the Court's ruling, the Fourth Circuit concluded that "all contracts at issue in this appeal include a binding arbitration provision." In re Cotton Yarn Antitrust Litigation, 505 F.3d 274, 277 (4th Cir. 2007). Specifically, the Fourth Circuit concluded that "arbitration is a usage of trade in the textile industry" such that all contracts, oral or otherwise, between purchasers and suppliers of cotton yarn include "an agreement to arbitrate notwithstanding the fact that arbitration was not mentioned in [the oral or written contracts]." Id. at 280. The Fourth Circuit further concluded that "[t]he usage of trade . . . is simply that arbitration is the manner in which disputes are resolved in the textile industry" and further, that there is a general "obligation to submit any disputes to arbitration." Id. at 281. Moreover, the Fourth Circuit further concluded that the Plaintiffs named in Defendants' motion to compel arbitration "failed to establish that the terms of the arbitration provisions prevent them from effectively vindicating their statutory rights." Id. at 277. Specifically, the Fourth Circuit noted that these Plaintiffs "failed to establish that the

4

no-joinder provision of the arbitration agreements prevents them from effectively vindicating their statutory rights," and therefore, the Fourth Circuit concluded that the restriction against joinder of parties does not render the arbitration agreements unenforceable. Id. at 287.

In addition, the Fourth Circuit concluded that the "one-year limitations period established in the arbitration agreements is reasonable," and that this limitations period does not "dispossess Plaintiffs of the substantive rights established by the statute under which their claims arose." Id. at 288, 289. Nevertheless, the Fourth Circuit reserved for determination by this Court whether the contractual one-year limitations period in the arbitration agreements time-bars the claims of those Plaintiffs named in Defendants' Motion to Compel Arbitration, preventing them from proceeding with their claims in arbitration, and thereby failing to provide these Plaintiffs "with an adequate and accessible substitute forum." Id. at 290. Specifically, the Fourth Circuit noted that, "[q]uestions about the timeliness of the action and the applicability of the doctrine of fraudulent concealment will thus be determined by the district court on remand." Id. at 292. The Fourth Circuit further noted that "[o]n remand, the district court, after consideration of the principles discussed [in this decision], must determine whether the plaintiffs' claims were timely filed. If the district court concludes that the claims were timely, the court should stay the actions and order the plaintiffs to proceed in arbitration. If the district court concludes that the claims were not timely, the court must then determine, in light of the concerns [discussed in this decision] whether that fact renders the contractual limitations period unenforceable. Finally, if the district court concludes that the one-year limitations period bars the plaintiffs' claims and is unenforceable, the district court must then consider whether

5

severance of the limitations provisions, rather than invalidation of the arbitration agreements, would be the appropriate remedy." Id. at 292. As indicated above, in light of the Fourth Circuit's decision, the Court requested and received briefs from the parties regarding these issues remaining for the Court as well as Defendants' Motion to Compel Arbitration of Claims by Mekfir and Little. The Court also heard arguments by the parties at the Status Conference that was set for the discussion of these matters. The Court will now consider in turn the issues identified for determination on remand, as well as Defendants' Motion to Compel Arbitration of Claims by Mekfir and Little.

## III. REMAND ISSUES

In accord with the Fourth Circuit's decision, the Court must determine whether the claims of those Plaintiffs named in the Defendants' Motion to Compel Arbitration were timely filed in light of the contractual one-year limitations period set out in the arbitration agreements at issue in this case. Specifically, the Court must determine the following: (1) whether the Plaintiffs' claims were timely filed; (2) if not timely filed, whether that fact prevents Plaintiffs from proceeding with their claims, thus rendering the contractual limitations period unenforceable; and, (3) whether severance of the limitations period is the appropriate remedy in the event the one-year limitations period bars Plaintiffs' claims.

With regard to the first issue, Plaintiffs contend that all of their claims as set out in the Complaint filed January 7, 2005, are timely pursuant to the contractual one-year limitations period because Defendants' fraudulent concealment of their unlawful conspiracy tolled the commencement of any applicable limitations period until February 11, 2004. Defendants do not

6

dispute Plaintiffs' contention that the doctrine of fraudulent concealment applies. Moreover, Defendants assert and concede that because Plaintiffs allege in their Complaint that Defendants fraudulently concealed their alleged illegal activity, Plaintiffs appear to have raised their claims within the one-year limitations period, and for that reason Plaintiffs claims are not barred. Therefore, both parties are in agreement that the contractual one-year limitations period does not bar Plaintiffs' claims, and thus the limitations period does not prevent Plaintiffs from effectively vindicating their statutory rights in an arbitration proceeding. Nevertheless, the Court will further discuss the timeliness issue and particularly the doctrine of fraudulent concealment in light of the Fourth Circuit's decision. See In re Cotton Yarn, 505 F.3d at 292 (noting that "[q]uestions about the timeliness of the action and the applicability of the doctrine of fraudulent concealment will . . . be determined by the district court on remand").

With regard to the issues of timeliness and fraudulent concealment in this case, the Fourth Circuit concluded that "[i]f the fraudulent concealment doctrine applies to the contractually established limitations period, the plaintiffs' claim[s] would appear to be timely filed." Id. at 291 (internal reference omitted). The Fourth Circuit further noted that "the doctrine of fraudulent concealment . . . is read into *all* federal statues of limitations, including [15 U.S.C.] § 15b," the statute applicable to this case. Id. (emphasis in original). Moreover, "pursuant to this doctrine, when the fraud has been concealed or is of such a character as to conceal itself, and the plaintiff is not negligent or guilty of laches, the limitations period does not begin to run until the plaintiff discovers the fraud." Id. (citing Supermarket of Marlinton v. Meadow Gold Dairies, 71 F.3d 119, 122 (4th Cir. 1995) (citation, internal quotation marks, and

7

alteration omitted)).[2]  "To invoke the doctrine in this circuit, a plaintiff in an antitrust action must satisfy each element of a three part test.  Specifically a plaintiff must demonstrate: (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence."  Supermarket of Marlinton, 71 F.3d at 122 (citing Weinberger v. Retail Credit Co., 498 F.2d 552, 555 (4th Cir. 1974)).

In this case, Plaintiffs' Complaint contains allegations that satisfy each element of the three part test.  Plaintiffs satisfy the first element which requires Plaintiffs to demonstrate that Defendants fraudulently concealed facts that are the basis of Plaintiffs' claims, in that Plaintiffs allege that Defendants fraudulently concealed a conspiracy to fix prices, and that the alleged conspiracy is the basis of their claims.  Specifically, Plaintiffs allege that as a direct result of the conspiracy between the several Defendants, "Plaintiffs and other class members paid artificially inflated prices for cotton yarn and, as a result, have suffered antitrust injury to their business and property," and, that Defendants "actively, intentionally and fraudulently concealed the existence of the conspiracy from Plaintiffs by one or more affirmative acts, including secret meetings and surreptitious communications." (Complaint at ¶¶ 1, 62.)  Plaintiffs also satisfy the second and third elements of the test to invoke the doctrine of fraudulent concealment which require Plaintiffs to demonstrate that they failed to discover the fraudulently concealed facts within the

---

[2] Defendants do not allege, nor is there any indication based on the pleadings, that Plaintiffs have been negligent in discovering the alleged antitrust violations, or that Plaintiffs are guilty of laches.  Therefore, the Court does not reach these issues in determining whether the doctrine of fraudulent concealment applies to this case.

statutory period, in this case one year, despite the exercise of due diligence.[3]  Specifically, Plaintiffs allege that Defendants engaged in conduct violative of the Sherman Act as early as January 1, 1999, yet, Plaintiffs allege that due to the Defendants' actions in actively, intentionally, and fraudulently concealing their anti-competitive activities, "Plaintiffs had no knowledge of the conspiracy and any facts that might have led to the discovery thereof, in the exercise of reasonable diligence, until after February 11, 2004."[4]  (Complaint at ¶ 60.)  Plaintiffs further allege that "while Plaintiffs have diligently sought to protect themselves from unlawful activity, Plaintiffs were unable to detect Defendants' secret activity, which by its nature is self-concealing, until it was disclosed publicly."  (Complaint at ¶ 61.)  Based on all of these allegations as pled in Plaintiffs' Complaint, Plaintiffs have demonstrated that they satisfy each element of the three part test to invoke the doctrine of fraudulent concealment in that Plaintiffs allege that

---

[3] Plaintiffs bring their claims pursuant to Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26).  The Clayton Act establishes a four-year limitations period in which to bring a claim for violation of the Sherman Act.  See 15 U.S.C. § 15b.  The arbitration agreements at issue in the case, however, establish a one-year period in which claims must be brought.  "As a general rule, statutory limitations periods may be shortened by agreement, so long as the limitations period is not unreasonably short."  In re Cotton Yarn, 505 F.3d at 287 (citing Missouri, Kan & Tex. Ry. Co. v. Harriman Bros., 227 U.S. 657, 672, 22 S. Ct. 297, 57 L. Ed. 690 (1913); Atlantic Coast Line R. Co. v. Pope, 119 F.2d 39, 44 (4th Cir. 1941)).  As previously stated, the Fourth Circuit concluded that the one-year limitations period established in the arbitration agreements is not unreasonably short.  Id. at 288.  Therefore, because the issue in this case is whether Plaintiffs are prevented from pursuing their antitrust claims in arbitration as required by the arbitration agreements, in this instance (and for the purposes of the fraudulent concealment test here), the otherwise applicable four-year statutory period is replaced by the contractual one-year limitations period in the arbitration agreements.

[4] On February 11, 2004, Unifi, Inc., a company that holds a 34% interest in Parkdale America, LLC (a named Defendant in Plaintiffs' Complaint), issued a news release in which it announced that Defendant Parkdale America, LLC participated in anticompetitive activities with its competitors in connection with the sale of cotton yarn that may have resulted in violations of antitrust laws.

Defendants' fraudulently concealed their conspiracy to fix prices, that the conspiracy is the basis of Plaintiffs' claims, and that despite the exercise of due diligence, Plaintiffs were unable to discover the conspiracy within one year of its alleged occurrence. The Court thus concludes that Plaintiffs have demonstrated that the doctrine of fraudulent concealment applies to this case, and therefore, the contractual one-year limitations period will be tolled until February 11, 2004, the first date that Plaintiffs discovered the fraud. See Supermarket of Marlinton, Inc., 71 F.3d at 122 (noting that "when the fraud has been concealed or is of such a character as to conceal itself . . . the limitations period does not begin to run until the plaintiff discovers the fraud"). In this regard, the statute of limitations for those claims based on alleged conspiratorial acts that occurred as early as January 1, 1999, as alleged by Plaintiffs, is tolled and did not begin to run until February 11, 2004. Moreover, since the one-year limitations period commenced February 11, 2004, and Plaintiffs' Complaint was filed January 7, 2005, Plaintiffs' claims were filed within the one-year period and thus, the Court finds that Plaintiffs' claims are timely. The Court therefore concludes that the contractual one-year limitations period set forth in the arbitration agreements at issue does not prevent Plaintiffs from proceeding with their antitrust claims in the arbitral forum, and furthermore, that the arbitration agreements at issue in this case do not prevent Plaintiffs from effectively vindicating their statutory rights.

Having no further bar to enforceability, due to the Fourth Circuit's decision concluding that the arbitration provisions at issue in this case are binding and otherwise enforceable, the Court now concludes that the arbitration agreements at issue between the Plaintiffs named in

10

the Defendants' Motion to Compel Arbitration and Defendants are binding and enforceable.[5] Therefore, since the Court concludes that the arbitration agreements between the Plaintiffs named in Defendants' prior motion and Frontier and/or Avondale are binding and enforceable, the Court will order Plaintiffs Atlantic Textiles, South Carolina Tees, Inc., Lisa Lesavoy, Armen Co., Inc., Dell Cartier Associates, Inc., Perfect Fit Glove Co., LLC, and Thomaston Mills, Inc. to proceed to arbitration.

Having concluded that Plaintiffs' claims are timely, the Court does not need to reach the remaining issues identified by the mandate of the Fourth Circuit for this Court to consider, that is, whether the fact that Plaintiffs' claims are untimely prevents Plaintiffs from proceeding with their claims in arbitration, thus, rendering the contractual limitations period unenforceable, or the issue of whether severance of the limitations period is the appropriate remedy in the event the one-year limitations period bars Plaintiffs' claims. Therefore, the Court will not address these issues in this Order. The Court also notes that in its decision remanding this case, the

---

[5] In the Court's prior Order in this case denying Defendants' Motion to Compel Arbitration, the Court concluded that Frontier's arbitration agreements with Lisa Lesavoy, Perfect Fit Glove Co., LLC, and Thomaston Mills, and Avondale's arbitration agreements with Atlantic Textiles, South Carolina Tees, Inc., Thomaston Mills, and Dell Cartier Associates, Inc. were unenforceable due to the agreements' no-joinder and statute of limitations provisions. However, in light of the Fourth Circuit's decision, and this Court's discussion above, the Court now finds that all of the aforementioned arbitration agreements between the named Plaintiffs and Defendants are binding and enforceable. Moreover, in the Court's prior Order in this case, the Court concluded that Frontier's arbitration agreements did not become part of the contracts with Atlantic Textiles, South Carolina Tees, and Armen Co., Inc., because these plaintiffs did not sign and return the forms containing the arbitration agreements. However, the Fourth Circuit's decision concluded that these Plaintiffs' contracts contained binding arbitration agreements due to the arbitration usage of trade in the textile industry. In addition, for the reasons stated above, this Court concludes that these agreements are enforceable. Therefore, in light of these findings, the Court now concludes that these arbitration agreements are indeed binding and enforceable.

Fourth Circuit observed that the arbitration agreements at issue provide that "[a]ll issues relating to [the] Statute of Limitations barring or preventing the commencement of proceedings are not arbitrable and shall be determined by the Court and not the arbitrators." In re Cotton Yarn, 505 F.3d at 292 (internal reference and citation omitted). In this regard, the Court confirms that it has determined the issue relating to the statute of limitations barring or preventing the commencement of arbitration proceedings, and the Court has concluded that the contractual one-year limitations period does not bar Plaintiffs' claims, therefore, all of Plaintiffs' claims as set out in the Complaint will be considered at arbitration.

## IV. MOTION TO COMPEL ARBITRATION

As noted above, in light of the Fourth Circuit's decision, the parties have raised the issue of whether Mekfir and Little should be permitted to litigate their claims against Avondale and Frontier in court or should be required to submit their claims to arbitration. In this regard, Defendants filed a Motion to Compel Arbitration of Claims by Mekfir and Little, and Plaintiffs filed a Response in Opposition to Defendants' Motion. As an initial matter, the parties are in agreement that Mekfir and Little did not purchase cotton yarn directly from Avondale nor Frontier during the alleged class period. The parties further agree that Mekfir purchased cotton yarn from Defendants Parkdale America LLC or Parkdale Mills, Inc. (collectively "Parkdale"), and that while the parties are certain that Little did not purchase cotton yarn from Avondale or Frontier, it is yet unclear whether Little purchased cotton yarn from Parkdale.[6] Nevertheless,

---

[6] However, for the purposes of this discussion, the Court will consider Little's status as more closely aligned with Mekfir, for whom contracts have been discovered for the purchase of cotton yarn from Parkdale. The Court notes that the Complaint alleges that Little (formerly doing business as Star Flight Hosiery, Inc.) "purchased cotton yarn from one or more

12

Plaintiffs contend that Mekfir and Little can proceed with their litigation against Avondale and Frontier even though they did not purchase cotton yarn from either Avondale or Frontier because antitrust co-conspirators are jointly and severally liable for all damages caused by a conspiracy.[7] While Plaintiffs may nonetheless choose to proceed against any one or more of the co-conspirators in an antitrust conspiracy, in the cotton yarn textile industry a plaintiff is subject to the general obligation to arbitrate disputes and must proceed by arbitration, if at all, due to the established usage of trade in the industry. See In re Cotton Yarn, 505 F.3d at 281 (noting that pursuant to the usage of trade in the textile industry there is a general "obligation to submit any disputes to arbitration"). Moreover, as determined by the Fourth Circuit Court of Appeals, the general obligation to arbitrate any disputes is implicit in any sales contract between purchaser and supplier in the cotton yarn industry because based on the usage of trade, any contract to purchase cotton yarn necessarily includes an arbitration agreement. See In re Cotton Yarn, 505 F.3d at 280 (concluding that "arbitration is a usage of trade in the textile industry" such that all

---

Defendants." (Complaint at ¶ 18.) The parties are in agreement that Little did not purchase cotton yarn from either Avondale or Frontier, and since Parkdale is the only other named Defendant, Little would have had to purchase cotton yarn from Parkdale in order to be a Plaintiff and potential class member in this action based on the class definition: "persons who purchased cotton yarn in the United States directly from any of the Defendants or any of their predecessors, subsidiaries and/or affiliates at any time during the period January 1, 1999 to February 11, 2004." (Complaint at ¶ 31.) Therefore, for this discussion, and in order to consider Little's arguments to proceed to litigate its claims against Avondale and Frontier as "co-conspirators" with Parkdale, the Court will treat Little as having purchased cotton yarn from Parkdale.

[7] The Fourth Circuit, in concluding that the non-joinder issue clause of the arbitration provisions does not prevent Plaintiffs from effectively vindicating their statutory rights, noted that under the theory of joint and several liability, Plaintiffs "could simply seek to hold one defendant liable for all damages caused by the conspiracy," and thus choose to pursue only one arbitration proceeding. In re Cotton Yarn, 505 F.3d at 284.

13

contracts, oral or otherwise, between purchasers and suppliers include "an agreement to arbitrate notwithstanding the fact that arbitration was not mentioned in [the oral or written contracts]."). Therefore, if Plaintiffs contend that Mekfir and Little may individually pursue their claims against Avondale and Frontier under the theory of joint and several liability for disputes related to cotton yarn purchases pursuant to contracts with Parkdale, it necessarily follows that Mekfir and Little's disputes, that is, claims for damage arising from paying artificially inflated prices in sales contracts with Parkdale, are subject to the general obligation to submit any disputes to arbitration. Therefore, the Court concludes that Mekfir and Little are required to submit their individual claims against Avondale and/or Frontier to arbitration given that they have asserted that grounds exist for them to individually proceed against Avondale and/or Frontier in this case.[8]

Having concluded that Mekfir and Little will be ordered to arbitrate their claims against Avondale and Frontier based on the usage of trade in the textile industry which implies a general obligation to arbitrate disputes arising from sales contracts to purchase cotton yarn between purchasers and suppliers, the Court, in addition, finds that all potential class members "similarly

---

[8] Having reached this conclusion, the Court need not address Defendants' alternative contention that based on the principles of equitable estoppel Defendants may enforce the explicit or implicit arbitration agreements contained in Mekfir and Little's contracts with Parkdale to purchase cotton yarn, and compel Mekfir and Little to arbitrate their claims. However, to the extent that Defendants' alternative contention has been addressed by the parties, the Court notes that equitable estoppel would otherwise apply to Mekfir and Little in this case under the principles set out in Brantley v. Republic Mortg. Ins. Co., 424 F.3d 392, 395 (4th Cir. 2005) for allowing a nonsignatory to an arbitration agreement to compel a signatory to arbitrate its claims.

situated"[9] to Mekfir and Little would likewise have an obligation to arbitrate any claims that they would have against Avondale and Frontier. Therefore, to the extent that Plaintiffs request authorization from this Court to conduct discovery to determine the scope and viability of a class of cotton yarn purchasers similarly situated to Mekfir and Little, this Court denies that request.

## V.     PLAINTIFFS' REQUEST TO NOTIFY THE SETTLEMENT CLASS

Plaintiffs seek an order permitting Interim Co-Lead counsel to disseminate notice to the Parkdale Settlement Class of the Fourth Circuit's decision in this case, the Court's resolution of the contractual one-year statute of limitations issue, and the dissolution of Avondale and the deadline for filing claims against them in their dissolution proceedings. Plaintiffs further indicate that if authorized to disseminate notice, Plaintiffs will individually bear the cost of mailing a notice to the Parkdale Settlement Class. In doing so, Plaintiffs intend to use funds from a hold-back reserved from the Parkdale Net Settlement Fund. Defendants do not object to Plaintiffs' request to notify the Parkdale Settlement Class as to the issues requested, nor to Plaintiffs' indication that they will bear the cost of the notice if authorized. To the extent that Plaintiffs seek leave to disseminate notice to the Parkdale Settlement Class of the Fourth Circuit's decision in this case and the Court's resolution of the contractual one-year statute of limitations issue as set out in this Order, the Court permits Plaintiffs to disseminate notice of these issues, and Plaintiffs are permitted to use hold-back funds reserved from the Parkdale Net Settlement Fund

---

[9] The Court notes that persons similarly situated to Mekfir and Little would be those persons who did not purchase cotton yarn from Avondale or Frontier, but like Mekfir and Little, by virtue of being putative class members in this case, purchased cotton yarn from Parkdale.

to facilitate such notice. However, to the extent that Plaintiffs seek leave to disseminate to the Parkdale Settlement Class notice of the dissolution of Avondale and the deadline for filing claims against them in their dissolution proceedings, the Court will permit this request, however, Plaintiffs are advised that Plaintiffs must bear the cost of mailing the notice, and that Plaintiffs may not use any hold-back funds reserved from the Parkdale Net Settlement Fund to pay for notice of the dissolution of Avondale and the deadline for filing claims against them in their dissolution proceedings. Moreover, any notice that Plaintiffs anticipate disseminating to the Parkdale Settlement Class must be filed with the Court for prior approval.

## VI. REMAINING PROCEDURAL ISSUES

On December 9, 2005, Plaintiffs filed a Motion for Class Certification [Document #53] to certify a class to proceed against Avondale and Frontier. Subsequently, on December 19, 2005, Defendants filed a Motion to Stay All Proceedings [Document #57] pending the determination of the Fourth Circuit's decision as to Defendants' appeal of this Court's denial of Defendants' Motion to Compel Arbitration. In an Order dated January 31, 2006 [Document #76], the Court granted a stay of all proceedings, including Defendants' Response to the Motion for Class Certification, pending the Fourth Circuit's decision as to Defendants' appeal in this case. Since the Fourth Circuit has rendered its decision, those matters previously stayed, specifically Plaintiffs' Motion for Class Certification, are once again before the Court. In light of the discussion above, which resolves to order all Plaintiffs (including Mekfir and Little) to proceed to arbitration, the Court will again issue an order to stay with respect to Plaintiffs' Motion for Class Certification and as to all related proceedings in this case pending the

16

completion of arbitration.

## VII. CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiffs' claims are timely and that the contractual one-year limitations period set forth in the arbitration agreements at issue in this case does not prevent Plaintiffs from proceeding with their antitrust claims in arbitration. Moreover, the Court finds that the arbitration provisions at issue in this case between Defendants and Plaintiffs Atlantic Textiles, South Carolina Tees, Inc., Lisa Lesavoy, Armen Co., Inc., Dell Cartier Associates, Inc., Perfect Fit Glove Co., LLC, and Thomaston Mills, Inc. are binding and enforceable, and thus concludes that these Plaintiffs will be ordered to arbitrate their claims against Defendants. The Court further concludes that Plaintiffs Mekfir and Little are likewise subject to arbitration and therefore will be required to arbitrate their claims, if any, against Defendants Avondale and Frontier.

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss and Compel Arbitration as to Certain Plaintiffs and Stay the Case as to the Remaining Plaintiffs [Document #9] is GRANTED with respect to Defendants' request to compel arbitration of Certain Plaintiffs. IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and Compel Arbitration as to Certain Plaintiffs and Stay the Case as to the Remaining Plaintiffs [Document #9] is DENIED with respect to Defendants' request to dismiss the Complaint and stay the case.

IT IS FURTHER ORDERED that Defendants' Motion to Compel Arbitration of Claims by Mekfir and Little [Document #108] is GRANTED.

Finally, IT IS ORDERED that Plaintiffs' Motion for Class Certification [Document #53]

17

Case 1:04-md-01622-JAB   Document 121   Filed 03/06/09   Page 17 of 18

and all related proceedings in this case are STAYED pending completion of arbitration. The parties are hereby put on notice that having determined that all parties will be ordered to arbitration as to the claims in the present case, and that no further issues remain before the Court for determination, and having finally approved the distribution of the Parkdale Net Settlement Fund, the present case will be administratively closed with this Court retaining jurisdiction, however, any party upon motion and without payment of filing fees may request that this action be administratively re-opened.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 6 day of March, 2009.

                                                                                                  United States District Judge